UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PATRICIO NUNO CARRERA and GERALDO
MARQUEZ, on behalf of themselves, individually,
and all similarly situated employees,                                    Docket No.:

                          Plaintiff,
                                                                                   **COMPLAINT**

      -against-

DT HOPITALITY GROUP INC. d/b/a CO BA                  *Jury Trial Demanded*
RESTAURANT, and KIEN TRUONG,

                         Defendants.
------------------------------------------------------------------------X

      Plaintiffs, PATRICIO NUNO CARRERA and GERALDO MARQUEZ, on behalf of themselves, individually, and all other persons similarly situated, by and through their counsel, the (collectively as "Plaintiffs"), Law Office of Peter A. Romero PLLC, complaining of the Defendants, DT HOPITALITY GROUP INC. d/b/a CO BA RESTAURANT and KIEN TRUONG, individually (collectively as "Defendants" or "Co Ba"), allege as follows:

## NATURE OF THE CLAIM

    1.     Plaintiffs bring this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 142 ("NYLL"), to recover unpaid minimum wages under the FLSA and NYLL, for failure to pay spread of hours compensation under the NYLL and 12 N.Y.C.R.R. § 146-1.6, for failure to furnish accurate wage statements for each pay period under NYLL § 195(3), for failure to provide a wage notice upon his hire under NYLL § 195(1), and for failure to issue timely payment of wages pursuant to NYLL § 191.

1

2. Plaintiffs bring this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiffs bring their claims under the NYLL on behalf of themselves, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201, *et seq*. and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

## THE PARTIES

5. At all relevant times, Plaintiff PATRICIO NUNO CARRERA ("Nuno") is a resident of the County of Bronx, State of New York.

6. At all relevant times, Plaintiff Nuno was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and New York Labor Law § 190(2).

7. At all relevant times, Plaintiff GERALDO MARQUEZ ("Marquez") is a resident of the County of Bronx, State of New York.

8. At all relevant times, Plaintiff Marquez was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and New York Labor Law § 190(2).

9. At all relevant times, Defendant DT HOPITALITY GROUP INC. d/b/a CO BA RESTAURANT ("DT Hospitality") is a domestic business corporation with offices 110 9th Avenue, New York, New York 10011.

10. At all relevant times, DT Hospitality was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of food and ingredients, kitchenware, utensils, cleaning supplies, office supplies, receipt papers, pens, and paper, all of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines and other moneys that originate from out of New York State.

11. At all relevant times, Defendant KIEN TRUONG, was active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs, scheduling and hours worked, had the power to hire, fire and discipline employees and approve all personnel decisions, was responsible for maintaining personnel records relating to Plaintiffs' employment, and is liable to Plaintiffs as an "employer" within the meaning of the FLSA and NYLL.

## FACTS

12. Defendants are a company and its owner that provide serve Vietnamese fare at its restaurant, located at 110 9th Avenue, New York, New York 10011.

13. Plaintiff Nuno commenced his employment in or about November 2012 as a dishwasher, a position that he held until in or about March 2019. Plaintiff Nuno also performs deliveries of Defendants' food to customers on an as needed basis.

14.     Plaintiff Marquez commenced his employment in or about January 2011 as a food preparer, a position that he held until in or about March 2019. Plaintiff Marquez also performs deliveries of Defendants' food to customers on an as needed basis.

15.     Throughout the relevant six-years preceding the filing of this Complaint through in or about 2015, Plaintiff Nuno regularly worked seven days per week. Nuno regularly worked on Monday through Thursday from 11:00 a.m. until 10:00 p.m. with a break period from 3:00 p.m. through 4:30 p.m., on Friday from 11:00 a.m. to 11:00 p.m. with a break period from 3:00 p.m. through 4:30 p.m., on Saturday from 12:00 p.m. to 11:00 p.m. with a break period from 3:00 p.m. through 4:30 p.m., and on Sunday from 12:00 p.m. to 10:00 p.m. with a break period from 3:00 p.m. through 4:30 p.m. Accordingly, Nuno was regularly required to work, and did in fact work, 67.5 hours each workweek.

16.     From in or about 2015 until through the end of his employment, Plaintiff Nuno regularly worked six days per week. During this time, Nuno regularly worked on Monday through Thursday from 11:00 a.m. until 10:00 p.m. with a break period from 3:00 p.m. through 4:30 p.m., on Friday from 11:00 a.m. to 11:00 p.m. with a break period from 3:00 p.m. through 4:30 p.m., and either on Saturday from 12:00 p.m. to 11:00 p.m. with a break period from 3:00 p.m. through 4:30 p.m. or on Sunday from 12:00 p.m. to 10:00 p.m. with a break period from 3:00 p.m. through 4:30 p.m. Accordingly, Nuno was regularly required to work, and did in fact work, between 57 and 58 hours each workweek.

17.     Throughout the relevant six-years preceding the filing of this Complaint until in or about 2015, Plaintiff Marquez regularly worked seven days per week. Marquez regularly worked on Monday through Thursday from 11:00 a.m. until 10:00 p.m. with a break period from 3:00 p.m. through 4:30 p.m., on Friday from 11:00 a.m. to 11:00 p.m. with a break period from 3:00 p.m.

through 4:30 p.m., Saturday from 12:00 p.m. to 11:00 p.m. with a break period from 3:00 p.m. through 4:30 p.m. and on Sunday from 12:00 p.m. to 10:00 p.m. with a break period from 3:00 p.m. through 4:30 p.m. Accordingly, Marquez was regularly required to work, and did in fact work, 67.5 hours each workweek.

18. From in or about 2015 until the end of his employment, Plaintiff Marquez regularly worked six days per week. During this time, Marquez regularly worked on Monday through Thursday from 11:00 a.m. until 10:00 p.m. with a break period from 3:00 p.m. through 4:30 p.m., on Friday from 11:00 a.m. to 11:00 p.m. with a break period from 3:00 p.m. through 4:30 p.m., and either on Saturday from 12:00 p.m. to 11:00 p.m. with a break period from 3:00 p.m. through 4:30 p.m. or on Sunday from 12:00 p.m. to 10:00 p.m. with a break period from 3:00 p.m. through 4:30 p.m. Accordingly, Marquez was regularly required to work, and did in fact work, between 57 and 58 hours each workweek.

19. Throughout their employment, Defendants failed to pay Plaintiffs based on an hourly rate of pay, in violation of the NYLL and its implementing regulations.

20. Throughout his employment, Defendants paid Plaintiff Nuno a fixed daily rate of pay, regardless of the number of hours worked. Through the relevant six-years preceding the filing of this Complaint until on or about December 31, 2017, Defendants paid Nuno a daily rate of $70 per day. From on or about January 1, 2018 through the end of his employment, Defendants paid Nuno a daily rate of $80 per day.

21. Throughout his employment, Defendants paid Plaintiff Marquez a fixed daily rate of pay, regardless of the number of hours worked. Through the relevant six-years preceding the filing of this Complaint until on or about December 31, 2017, Defendants paid Marquez a daily

5

rate of $70 per day. From on or about January 1, 2018 through the end of his employment, Defendants paid Marquez a daily rate of $80 per day.

22. Throughout their employment, Defendants failed to pay Plaintiffs at the statutorily required overtime rate of one and one-half times their regular rates of pay for hours worked in excess of forty hours in violation of the FLSA and NYLL.

23. Moreover, Plaintiffs' weekly wages, when converted to an hourly regular rate of pay by operation of law, often results in an hourly rate of pay below the mandated minimum wage in violation of the FLSA and NYLL.

24. Plaintiffs also regularly worked daily shifts that exceeded ten hours per day from its start to its finish. However, Defendants failed to pay Plaintiffs spread-of-hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

25. Defendants were required to pay Plaintiffs, manual workers and workingmen, weekly and not later than seven calendar days after the end of the week in which the wages were earned. Throughout his employment, Defendants paid Plaintiffs on a bi-monthly basis in violation of NYLL § 191.

26. Throughout their employment, Plaintiffs occasionally received tips paid by credit card for their deliveries made. Throughout the relevant six-years preceding the filing of this Complaint until in or about September 2018, Defendants remitted those tips received from credit card payments on a monthly basis, in violation of NYLL § 191.

27. Defendants failed to provide Plaintiff Nuno with a proper notice and acknowledgement of his wage rate upon hire as required by NYLL § 195(1).

6

28.     Defendants failed to provide Plaintiffs with accurate – or any – wage statements for each pay period as required by NYLL § 195(3).

29.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to track and pay Plaintiffs in accordance with their hours worked.

30.     Defendants treated and paid Plaintiff and the putative collective action members in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

31.     At all times relevant, Plaintiffs and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them minimum wage compensation for all hours worked and overtime pay for hours worked in excess of forty (40) hours each week.

32.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA. The named Plaintiffs are representative of those other workers and are acting on behalf of the Defendants' current and former employees' interests as well as their own interests in in bringing this action.

33.     Plaintiffs seek to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of themselves, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed
> by the Defendants as a dishwasher, food preparer or back of the

7

house employee and/or in a similarly situated position, at any time during the three (3) years prior to the filing of their respective consent forms.

34. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of minimum wage and overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)**

35. Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

36. Defendants employed Plaintiffs and persons similarly situated to Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

37. Defendants' violations of the FLSA have been willful and intentional.

38. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

39. As a result of Defendants' unlawful acts, Plaintiffs and persons similarly situated to Plaintiffs are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – MINIMUM WAGES)

40. Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

41. Defendants employed Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, yet willfully failed to pay Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rate for all hours worked, in violation of the FLSA.

42. Defendants' violations of the FLSA have been willful and intentional.

43. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

44. Due to Defendants' violations of the FLSA, Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

### THIRD CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

45. Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

9

46. Defendants employed Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty (40) hours and failed to compensate the Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

47. By Defendants' failure to pay Plaintiffs, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, overtime wages for hours worked in excess of 40 hours per week, Defendants violated the New York Labor Law Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

48. Defendants' violations of the New York Labor Law have been willful and intentional.

49. Due to Defendants' violations of the New York Labor Law, Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

### FOURTH CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – MINIMUM WAGES)

50. Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

51. Defendants employed Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, yet willfully failed to pay Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rates for all hours worked, in violation of

the New York Labor Law and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

52. Defendants' violations of the New York Labor Law have been willful and intentional.

53. Due to Defendants' violations of the New York Labor Law, Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FIFTH CLAIM FOR RELIEF
## (SPREAD OF HOURS VIOLATION OF NYLL)

54. Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

55. Defendants failed to pay Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, one additional hour of pay at the basic minimum wage rate for each day their spread of hours exceeded ten in violation of NYLL § 650 *et seq.* and 12 NYCRR §142-2.4.

56. Defendants' failure to pay spread-of-hours compensation was willful and intentional.

57. For the foregoing reasons, Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest as permitted by law.

**SIXTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(1))**

58. Plaintiffs, any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

59. Defendants failed to provide Plaintiff Nuno, and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon hire regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by New York Labor Law § 195(1).

60. Due to Defendants' failure to provide Plaintiff Nuno, and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by New York Labor Law § 195(1), Plaintiff Nuno, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

**SEVENTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(3))**

61. Plaintiffs, any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

62. Defendants failed to provide Plaintiffs, and any FLSA Collective Action Plaintiff, with accurate – or any – statements of their wages earned, including, *inter alia*, their regular and overtime rates of pay, number of regular and overtime hours worked, or correct net pay, each pay period as required by New York Labor Law § 195(3).

12

63. Due to Defendants' failure to provide Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements as required by New York Labor Law § 195(3), Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

### EIGHTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 191)

64. Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

65. Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, were manual workers or workingmen, as defined by the New York Labor Law.

66. Defendants were required to pay the Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, on a weekly basis, and not later than seven calendar days after the end of the week in which the wages are earned.

67. Defendants failed to pay Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, on a weekly basis, and not later than seven calendar days after the end of the week in which the wages are earned, and instead paid Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, on a bi-monthly basis and on a monthly basis with respect to certain wages, in violation of New York Labor Law § 191.

68. Defendants' violations of the New York Labor Law have been willful and intentional.

69. Due to Defendants' violations of the New York Labor Law, Plaintiffs, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

## DEMAND FOR A JURY TRIAL

70. Plaintiffs and FLSA Collective Action Plaintiffs demand a trial by jury on all causes of action in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and FLSA Collective Action Plaintiffs pray for the following relief:

i. Issuing an order restraining Defendants from any retaliation against Plaintiffs and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii. Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and supporting regulations and the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii. Awarding unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

iv. Awarding unpaid overtime, minimum wages and spread of hours wages pursuant to New York Labor Law and the supporting New York State Department of Labor Regulations, plus liquidated damages;

v. Awarding damages pursuant to New York Labor Law § 195(1), (3);

vi. Awarding damages for violation of New York Labor Law § 191;

vii. Designating this action as an FLSA collective action on behalf of the Plaintiffs and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the

pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

viii. Awarding pre- and post-judgment interest as permitted by law;

ix. Awarding attorneys' fees and costs incurred in prosecuting this action; and

x. Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
May 9, 2019

        LAW OFFICE OF PETER A. ROMERO PLLC
*Attorneys for Plaintiff*
825 Veterans Highway, Suite B
Hauppauge, New York 11788
Tel.: (631) 257-5588

By: _____
DAVID D. BARNHORN, ESQ.
PETER A. ROMERO, ESQ.

## CONSENT TO JOIN

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against CoBa Restaurant and/or other related Defendants to recover unpaid minimum and/or overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 *et seq.*  I hereby authorize the Law Office of Peter A. Romero PLLC to represent me in this case.  This document has been read to me in my native language of Spanish.

_____                               02/15/19
                                                              _____
                                                              Date

## CONSENT TO JOIN

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against CoBa Restaurant and/or other related Defendants to recover unpaid minimum and/or overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 *et seq.* I hereby authorize the Law Office of Peter A. Romero PLLC to represent me in this case. This document has been read to me in my native language of Spanish.

_____                                          2/15/19
                                                                  Date