LAW OFFICE OF
PETER A. ROMERO

Peter A. Romero
promero@romerolawny.com

David D. Barnhorn
dbarnhorn@romerolawny.com

April 9, 2020

**VIA ECF**
Honorable Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Patricio Nuno Carrera, et al. v. DT Hospitality Group Inc., et al.*
               Docket No.: 19-cv-4235 (RA)

Dear Judge Abrams:

      This firm represents the Plaintiffs, Patricio Nuno Carrera and Geraldo Marquez, in the above-referenced matter, against Defendants DT Hospitality Group Inc. d/b/a Co Ba Restaurant and Kien Truong, for alleged violations of the Fair Labor Standards Act and New York Labor Law.  Defendant Truong has appeared *pro se*.  Defendant DT Hospitality Group Inc. remains *pro se* as well as an attorney has not filed a notice of appearance on its behalf.  As a result of the corporate defendant's failure to have an attorney appear on its behalf, the Court entered an order directing Plaintiffs to serve their motion for default by April 14, 2020.  D.E. 31.  Plaintiffs now write to request an extension of time to serve their motion for default for the reasons discussed below.

      Specifically, Plaintiffs' counsel requires declarations from both Plaintiffs to support their impending motion for default to establish Defendant DT Hospitality's liability and damages.  Further, Plaintiffs' counsel must confer with Plaintiffs in order to finalize certain components of their declarations.  Unfortunately, Plaintiffs' counsel has experienced unexpected difficulty communicating with the Plaintiffs during the ongoing pandemic and, as a result, this firm has been unable to successfully procure signed declarations from the Plaintiffs, despite repeated attempts to do so.[1]  Although the cause of the Plaintiffs' circumstances resulting in their delay is currently unknown, the current state of affairs regarding the ongoing pandemic caused by Covid-19 may well have caused disruption in Plaintiffs' personal lives or caused them to work unexpected hours as essential employees.  Thus, contrary to this firm's expectations, it has become clear that Plaintiffs' counsel will be unable to procure these declarations by the deadline for the motion for default on April 14, 2020.  Accordingly, Plaintiffs' counsel seeks an additional extension of two weeks to serve Plaintiffs' motion for default in order to procure the necessary declarations in support of their motion.

---

[1] Additionally, the attorneys and support staff at this firm have been required to work from home due to the federal and New York state work restrictions caused by the Covid-19 pandemic, which has made communications with clients and obtaining signed documents from clients more challenging.

LAW OFFICE OF PETER A. ROMERO PLLC  ·  LABOR AND EMPLOYMENT LITIGATION
825 Veterans Hwy, Hauppauge, New York 11788  ·  (631) 257-5588  ·  overtimelawny.com

      Accordingly, Plaintiffs request that the Court extend their time to serve their motion for default against Defendant DT Hospitality Group from April 14, 2020 to April 28. 2020. Plaintiffs made two prior requests for an extension of time to serve their motion for default, one of which was because Defendants indicated they were assessing whether to file a bankruptcy petition on behalf of DT Hospitality Group. D.E. 24, 31. Both of these requests were granted.[2] D.E. 24, 27, 31-32.

      Plaintiffs thank the Court for its time and consideration of this request.

      Respectfully submitted,

      _/S/ David D. Barnhorn, Esq.__
      DAVID D. BARNHORN, ESQ.

C:    Kien Truong
      110 9th Avenue
      New York, New York 10011
      Defendant *pro se*

      DT Hospitality Group Inc. d/b/a Co Ba Restaurant
      110 9th Avenue
      New York, New York 10011
      Defendant *pro se*

Application granted. Plaintiffs shall provide Defendants with a copy of this Order.

SO ORDERED.

Hon. Ronnie Abrams
4/10/2020

---

[2] As noted in Plaintiffs' prior request for an extension, Defendant Truong intended to file for bankruptcy by mid-March 2020 and was determining whether to file a bankruptcy petition for Defendant DT Hospitality Group. D.E. 24, 27. Defendant Truong's bankruptcy attorney informed the undersigned that Truong's filing has been delayed due to the current Covid-19 pandemic, but was unable to inform the undersigned if Truong had made a final determination whether to file a bankruptcy petition on behalf of Defendant DT Hospitality Group. Despite this uncertainty, Plaintiffs intended to proceed, and still intend to proceed, with serving their motion for default against Defendant DT Hospitality Group as soon as declarations from Plaintiffs can be procured.