USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/9/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIO NUNO CARRERA and GERALDO MARQUEZ, *on behalf of themselves and all others similarly situated*.

Plaintiffs,

v.

DT HOSPITALITY GROUP, d/b/a CO BA RESTAURANT, AND KIEN TRUONG,

Defendants.

19-CV-4235 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On December 8, 2020, Plaintiffs reported to the Court that Defendant Kien Truong has filed a Chapter 7 bankruptcy petition, and that the Court is therefore required to impose an automatic stay with respect to Truong. *See* Dkt. 46; *see also* 11 U.S.C. § 362(a)(1). Plaintiffs assert, however, that the stay should not extend to Truong's co-defendant in this action, DT Hospitality Group Inc., against whom Plaintiffs have filed a motion for default judgment. *See* Dkt. 37.

It is well established that the automatic stay under Section 362(a)(1) of the Bankruptcy Code ordinarily applies only to the debtor and not necessarily to co-defendants. *See, e.g., Teachers Ins. & Annuity Ass'n v. Butler,* 803 F.2d 61, 65 (2d Cir.1986). However, as the cases cited in Plaintiff's letter make clear, the automatic stay can under certain circumstances extend to a non-debtor, including where a claim against the non-debtor "will have an immediate adverse economic consequence for the debtor's estate" or where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) (quoting

*Wedgeforth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983) and *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 999 (4th Cir. 1986)). In *Queenie*, the Second Circuit applied these principles and determined that a stay should apply not only to the bankruptcy debtor but also to his "wholly owned corporation." *Queenie*, 321 F.3d at 288–289. The logic of extending a stay to a corporate defendant owned by a bankruptcy debtor is that when the debtor has an "exclusive ownership interest in the nondebtor, any judgment against the nondebtor would diminish the debtor's estate in bankruptcy." *Cocoletzi v. Fat Sal's Pizza Corp.*, No. 15 CIV. 02696 CM, 2015 WL 4655164, at *5 (S.D.N.Y. Aug. 5, 2015). *See also M.E.S., Inc. v. M.J. Favorito Elec., Inc.*, No. 08-CV-183 (JG) (JMA), 2010 WL 959604, at *2 (E.D.N.Y. Mar. 15, 2010) ("[A] claim against a closely-held corporation is barred by the automatic stay resulting from the owner's bankruptcy.").

In this case, Truong has referred to DT Hospitality Group as "my company," Dkt. 13, and Defendants have referred to Truong as "the owner of the corporate defendant," Dkt. 24. *See also* Dkt. 39 (Declaration of David D. Barnhorn, Esq., In Support of Plaintiffs' Motion for.a Default Judgment) ("Defendant DT Hospitality is [a] company owned by Defendant Kien Truong."). Additionally, the parties have both made representations suggesting that Truong controls and acts on behalf of DT Hospitality Group. *See* Dkt. 24 (Truong was "evaluating . . . whether to file a bankruptcy petition on behalf of DT Hospitality Group"); Dkt. 35, n. 2 (same); Dkt. 26 ¶¶ 10–11 (concerning whether Truong had "hired separate counsel for Defendant"). Indeed, Truong attempted to personally answer the complaint on behalf of the corporation, *see* Dkt. 15, prompting the Court to advise him that "a corporation may not appear in a lawsuit against it except through an attorney." *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006). *See* Dkt. 16.

Accordingly, the Court is inclined to follow the Second Circuit's decision in *Queenie* and to stay this action with respect not only to Truong himself but also with respect to DT Hospitality Group, as a corporation owned by Truong. However, before doing so, the Court will give Plaintiffs an opportunity to distinguish *Queenie* and the other cases cited above. No later than December 23, 2020, Plaintiffs shall file a letter of no greater than five single-spaced pages explaining why the automatic stay should not apply to DT Hospitality Group.

The Clerk of Court is directed to mail a copy of this order to Defendant Truong at his updated address: 100 Willoughby Street, Apt. 4C, Brooklyn, New York 11201. *See* Dkt. 42.

SO ORDERED.

Dated:   December 9, 2020
         New York, New York

Ronnie Abrams
United States District Judge