USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 02/25/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIO NUNO CARRERA and GERALDO MARQUEZ, *on behalf of themselves and all others similarly situated*.

Plaintiffs,

v.

DT HOSPITALITY GROUP, d/b/a CO BA RESTAURANT, AND KIEN TRUONG,

Defendants.

19-CV-4235 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On December 8, 2020, Plaintiffs reported to the Court that Defendant Kien Truong has filed a Chapter 7 bankruptcy petition, and that the Court is therefore required to impose an automatic stay with respect to Truong. *See* Dkt. 46; *see also* 11 U.S.C. § 362(a)(1). Plaintiffs asserted, however, that the stay should not extend to Truong's co-defendant in this action, DT Hospitality Group Inc., against whom Plaintiffs have filed a motion for default judgment. *See* Dkt. 37. The Court *sua sponte* requested a letter from Plaintiffs addressing why the automatic stay should not also apply to DT Hospitality Group. Dkt. 47; *see Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) (extending bankruptcy stay to the "wholly owned corporation" of the debtor). Plaintiffs submitted the letter on December 23, 2020. *See* Dkt. 48.

Under Section 362 of the Bankruptcy Code, "proceeding[s] against a debtor" are automatically stayed when a Chapter 7 petition is filed. 11 U.S.C. § 362(a)(1). However, a "suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing." *Queenie*, 321 F.3d at 287 (citation omitted). And while "[t]he automatic stay can apply to non-debtors," it

"normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Id*.

Upon review of Plaintiffs' letter and Truong's bankruptcy petition, the Court agrees with Plaintiffs that there is insufficient evidence that a claim against DT Hospitality Group would have an "immediate adverse economic consequence for [Truong's] estate," particularly in light of the fact that Truong has not claimed the corporation as an asset in his bankruptcy petition. *See* Dkt. 48. Accordingly, the action is hereby stayed only with respect to Truong. *See Cocoletzi v. Fat Sal's Pizza Corp.*, No. 15-CV-2696 (CM), 2015 WL 4655164, at *5 (S.D.N.Y. Aug. 5, 2015). The Court will in due course proceed to address the pending motion for default judgment against Defendant DT Hospitality Group.

The Clerk of Court is respectfully directed to enter the automatic stay only as to Defendant Kien Truong. Plaintiffs are directed to serve a copy of this order on Defendants Kien Truong and DT Hospitality Group in accordance with Fed. R. Civ. P. 5, and to file proof of such service on the docket.

SO ORDERED.
Dated:   February 25, 2021
         New York, New York

Ronnie Abrams
United States District Judge