USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 03/26/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIO NUNO CARRERA and
GERALDO MARQUEZ, *on behalf of
themselves and all others similarly situated*.

Plaintiffs,

v.

DT HOSPITALITY GROUP, d/b/a CO BA
RESTAURANT, AND KIEN TRUONG,

Defendants.

19-CV-4235 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiffs Patricio Nuno Carrera ("Nuno") and Geraldo Marquez ("Marquez") commenced this action on May 9, 2019, asserting claims against DT Hospitality Group, d/b/a Co Ba Restaurant ("DT Hospitality") and Kien Truong under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *See* Dkt. 1 ("Compl."); Dkt. 7 ("Am. Compl."). Before the Court is Plaintiffs' motion for an entry of default judgment against DT Hospitality. For the reasons that follow, the motion is granted. By separate order, this action will be referred to Magistrate Judge Parker for an inquest into damages and attorneys' fees.

**FACTUAL BACKGROUND**

Familiarity with the facts and procedural history of this case is presumed. The Court nonetheless recites those facts relevant to resolving the instant motion, and accepts the complaint's allegations as true for purposes of deciding whether a default judgment is warranted. *See Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 188 (2d Cir. 2015).

According to the Amended Complaint, Plaintiffs Nuno and Marquez were employees of DT Hospitality at the Co Ba restaurant in Manhattan. Nuno worked as a dishwasher at the restaurant from approximately November 2012 until March 2019. Marquez worked as a food preparer from approximately January 2011 until March 2019. Both employees also performed deliveries on an as-needed basis. *See* Am. Compl. ¶¶ 13–14. Until 2015, both employees regularly worked seven days per week, working a total of 67.5 hours. From 2015 until the end of their employment in March 2019, they worked six days per week for a total of 57–58 hours. *Id*. ¶¶ 15–18. Defendants paid them a fixed daily wage of $70 until the end of 2017, and then $80 thereafter, regardless of the hours they actually worked. *Id*. ¶¶ 19–22. When converted to an hourly weekly rate of pay, these wages fell below the mandated minimum wages under the FLSA and NYLL. *Id*. ¶ 23. The Amended Complaint further alleges that Defendants failed to pay Plaintiffs spread-of-hours compensation when they worked shifts in excess of ten hours per day; paid them only on a bimonthly basis; failed to provide Plaintiffs with wage statements; and failed to maintain records of Plaintiffs' wages and hours. *Id*. ¶¶ 24–29.

Plaintiffs brought suit on May 9, 2019, and filed the operative Amended Complaint on May 30, 2019. On August 2, 2019, Truong filed an answer, purporting to appear *pro se* on behalf of himself and on behalf of DT Hospitality, prompting the Court to remind Defendants that "a corporation may not appear in a lawsuit against it except through an attorney." *See* Dkt. 16 (citing *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006)). Despite being afforded several extensions of time and reminders, *see* Dkts. 17, 18, DT Hospitality did not obtain counsel to represent it, and Plaintiffs secured a certificate of default from the Clerk of Court with respect to DT Hospitality on March 27, 2020, *see* Dkt. 30. Plaintiffs filed the instant motion for default judgment against DT Hospitality on May 12, 2020. *See* Dkt. 37.

On December 8, 2020, Plaintiffs reported to the Court that Defendant Kien Truong had filed a Chapter Seven bankruptcy petition, and that the Court was therefore required to impose an automatic stay of the litigation with respect to Truong. *See* Dkt. 46; 11 U.S.C. § 362(a)(1). The Court imposed the requisite stay with respect to Truong, but did not extend the stay to cover DT Hospitality, reasoning that there was "insufficient evidence that a claim against [DT Hospitality] would have an 'immediate adverse economic consequence for [Truong's] estate,' particularly in light of the fact that Truong has not claimed the corporation as an asset in his bankruptcy petition." *See* Dkt. 49 (quoting *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003)).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, a court may—on a plaintiff's motion—enter a default judgment against a defendant who "has failed to plead or otherwise defend" itself in an action brought against it. Fed. R. Civ. P. 55(a). In particular, "the court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers*, 779 F.3d at 187. Generally speaking, "a default is an admission of all well-pleaded allegations against the defaulting party." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). Yet because a party in default does not admit conclusions of law, the Court must determine whether those allegations establish a sound legal basis for liability. *See Jemine v. Dennis,* 901 F. Supp. 2d 365, 373 (E.D.N.Y. 2012) (citing *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981)).

## DISCUSSION

**I.     Service**

It is axiomatic that "[a] default judgment may not be granted ... if the defendant has not been effectively served with process." *Doe v. Alsaud*, 12 F. Supp. 3d 684, 687 (S.D.N.Y.

3

2014); *see also Aspex Eyewear Inc. v. Cheuk Ho Optical Int'l Ltd.*, Nos. 00-CV-2389, 01-CV-1315 (RMB), 2005 WL 3501900, at *1 (S.D.N.Y. Dec. 21, 2005) ("A default judgment 'obtained by way of defective service is void *ab initio* and must be set aside as a matter of law.'" (citation omitted)). The burden is on the plaintiff to prove that service was adequate. *See Alsaud*, 12 F. Supp. 3d at 687. Here, Plaintiffs have satisfied their burden of proving that DT Hospitality was adequately served. On June 17, 2019, Plaintiffs effectuated service of the summons and amended complaint upon DT Hospitality by delivering and leaving copies thereof with the designated agent at the office of the New York Secretary of State. *See* Dkt. 11 (affidavit of service). Such service complies with N.Y. Bus. Corp. Law § 306, as authorized by Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1). Then, on May 29, 2020, using the same method of service, Plaintiffs served DT Hospitality with copies of the motion for default judgment, the supporting papers, and the Court's May 13, 2020 order (Dkt. 40) making clear that the Court would resolve the motion on the papers. *See* Dkt. 44 (affidavit of service). The Court thus concludes that Plaintiffs have established adequate service of DT Hospitality.

**II.     Liability**

The Court now considers whether, accepting as true all well-pleaded allegations in the complaint, Plaintiff has established a claim under the FLSA and the NYLL. *See Bricklayers & Allied Craftworkers*, 779 F.3d at 187.

   A.  <u>Timeliness of Claims</u>

As a threshold matter, the Court considers the statutes of limitations applicable to Plaintiffs' FLSA and NYLL claims. The statute of limitations for NYLL claims is six years. *See* N.Y. Lab. Law §§ 198(3), 663(3). The statute of limitations for FLSA claims is two years, or three years if the FLSA violation was willful. 29 U.S.C. § 255(a); *see Cazares v. 2898 Bagel & Bakery Corp.*, No. 18-CV-5953 (AJN), 2020 WL 2832766, at *2 (S.D.N.Y. May 31, 2020).

4

Here, Plaintiffs have established that any FLSA violations were willful. "[A] defendant's default, in itself, may suffice to support a finding of willfulness," *Elisama v. Ghzali Gourmet Deli Inc.*, 2016 WL 11523365, at *4 (S.D.N.Y. Nov. 7, 2016) (citation omitted), and Plaintiffs have additionally alleged that the violations complained of were willful. *See* Am. Compl. ¶¶ 29, 37; Nuno Decl., Dkt. 39-5, ¶¶ 21–22; Marquez Decl., Dkt. 39-6, ¶¶ 20-21. Accordingly, Plaintiffs' FLSA claims are subject to a three-year statute of limitations. *See Romero v. Floris Constr., Inc.*, No. 16-CV-04282 (PKC), 2017 WL 5592681, at *4 (E.D.N.Y. Nov. 20, 2017) ("Further, on a default judgment, as with other unrebutted assertions, allegations of willful violations of the FLSA are sufficient to establish willfulness.").

Plaintiffs filed suit on May 9, 2019. Their claims are therefore timely with respect to any FLSA violations that occurred on or after May 9, 2016 and with respect to any NYLL violations that occurred on or after May 9, 2013.

B. <u>DT Hospitality Is Subject to the FLSA and the NYLL</u>

To state an FLSA claim against Defendant DT Hospitality, Plaintiffs must allege that: "(1) the defendant is an enterprise participating in commerce or the production of goods for the purpose of commerce; (2) the plaintiff is an 'employee' within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA." *Pelgrift v. 335 W. 41st Tavern Inc.*, No. 14- CV-8934 (AJN), 2017 WL 4712482, at *7 (S.D.N.Y. Sept. 28, 2017) (citation omitted). Plaintiffs have sufficiently alleged all three prongs. First, Plaintiffs have alleged that DT Hospitality is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, and that its annual gross revenue was in excess of $500,000 as required by 29 U.S.C. § 203(s)(1)(A)(i)-(ii). *See* Am. Compl. ¶ 10; *Pelgrift*, 2017 WL 4712482, at *7 (finding a complaint merely restating the statutory definition sufficient given reasonable inferences); *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 33

(S.D.N.Y. 2015) (same). Second, Plaintiffs have alleged that each of them is an employee, which the FLSA defines as "any individual employed by an employer." 29 U.S.C. § 203(e)(1); *see also* Am. Compl. ¶¶ 6, 8, 13, 14. Third, Plaintiffs' jobs as a dishwasher (Nuno) and food preparer (Marquez) qualify as non-exempt employment under the FLSA. *See Espinoza v. 953 Assocs. LLC,* 280 F.R.D. 113, 130 (S.D.N.Y. 2011) (certifying an FLSA class including servers, bus-persons, food preparers, and dishwashers). For purposes of resolving this default judgment motion, these allegations are sufficient to establish that DT Hospitality is subject to the FLSA, and they also suffice to establish a cognizable employer-employee relationship under the NYLL. *See Yin v. Kim*, No. 07 CV 1236 (DLI) (JO), 2008 WL 906736, at *4 (E.D.N.Y. Apr. 1, 2008) ("New York's Labor Law mirrors the FLSA" except for the fact that it "does not require a plaintiff to show either a nexus with interstate commerce or that the employer has any minimum amount of annual sales.").

   C. <u>Failure to Pay Overtime Wages</u>

Next, Plaintiffs have established DT Hospitality's failure to pay overtime wages in violation of the FLSA and NYLL.

The FLSA provides, in relevant part:

> [N]o employer shall employ any of his employees who in any workweek ... is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours ... specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). "Under the NYLL, employees are entitled to recover all unpaid wages, including overtime, calculated in the same manner as under the FLSA." *Sajvin v. Singh Farm Corp.*, No. 17-CV-04032 (AMD) (RER), 2018 WL 4214335, at *4 (E.D.N.Y. Aug. 13, 2018) (citing N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2; N.Y. Lab. Law § 198), *report and recommendation adopted*, 2018 WL 4211300 (E.D.N.Y. Sept. 4, 2018).

"[T]o state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)(1)). The FLSA requires compensation for all hours worked in excess of 40 hours at "a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1). The NYLL overtime provision likewise mandates overtime compensation at a rate of one and one-half times the employee's regular rate. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2. The Second Circuit has held that plaintiffs are not required "to keep careful records and plead their hours with mathematical precision, [but] it is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place ... [and they should] draw on those resources in providing complaints with sufficiently developed factual allegations." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F. 3d 85, 90 (2d Cir. 2013).

As described above, Plaintiffs allege that for the duration of their employment, they worked either six or seven days per week for a total of between 57 and 67.5 hours per week, and that DT Hospitality failed to compensate them at the higher rate for their time worked in excess of forty hours per week. Indeed, Plaintiffs were paid a fixed daily rate of pay, regardless of the number of hours they worked that day or week. *See* Nuno Decl. ¶¶ 12–13; Marquez Decl. ¶¶ 12–13; *see also* Am. Compl. ¶ 22. These allegations are sufficient to state a claim for failure to pay overtime wages in violation of the FLSA and the NYLL, and are therefore sufficient to establish Plaintiffs' entitlement to a default judgment.

D. Failure to Pay Minimum Wage

Plaintiffs have also adequately alleged that DT Hospitality violated the minimum wage provisions of the NYLL from at least December 2018 until March 2019. The FLSA and the

NYLL each require an employer to pay not less than a statutorily-set minimum wage for each hour of work. *See* 29 U.S.C. § 206(a)(1); N.Y. Lab. Law § 652(1). Plaintiffs are only entitled to damages under one statute. *See Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 498 (S.D.N.Y. 2017) (citation omitted) ("[A]n employee may not receive a double recovery of back wages under both the FLSA and they NYLL."). Here, "for purposes of this motion, Plaintiffs seek to establish liability for minimum wage violations under the NYLL only." Dkt. 38 at 8 n.2.

During the period from December 31, 2017 through March 2019, Plaintiffs worked six days a week, earning $80 per day, for a total of $480—a regular hourly rate of $12.00 per hour ($480.00 weekly pay divided by 40 hours). During this period, the minimum wage under the NYLL for "large employers" (those employing eleven or more employees) in New York City was $13.00 per hour until December 31, 2018, and $15.00 thereafter. *See* N.Y. Lab. Law § 652(1)(a)(i). However, the minimum wage for "small employers" (those employing ten or fewer employees) in New York City was only $12.00 per hour until December 31, 2018, and $13.50 thereafter. *Id*. § 652(1)(a)(ii). The complaint and declarations are devoid of allegations that DT Hospitality employed eleven or more employees. Accordingly, taking Plaintiffs' factual allegations as true, Plaintiffs have established minimum wage violations, but only for the period from December 31, 2018 through the end of their employment in March 2019.

E. Spread of Hours

Plaintiffs next claim that DT Hospitality failed to pay them "spread of hours" compensation in violation of the NYLL. The NYLL provides that an employee is entitled to "receive one hour's pay at the basic minimum hourly wage rate" on any day that the interval between the beginning and end of an employee's work day exceeds 10 hours. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4; *see Vazquez v. Wally's Deli & Grocery Corp.*, 482 F. Supp. 3d 178, 186 (S.D.N.Y. 2020). As described above, Plaintiffs allege that their work days were

8

routinely longer than 10 hours. *See* Am. Compl. ¶¶ 15–18, 24. Yet "Defendants failed to pay Plaintiffs spread-of-hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours." *Id*. ¶ 24. The Court thus finds that Plaintiffs have adequately established their entitlement to a default judgment concerning DT Hospitality's failure to pay "spread of hours" compensation under the NYLL.

F. Additional NYLL Violations

Next, Plaintiffs allege that DT Hospitality failed to provide Plaintiff Nuno with the notice required by NYLL § 195(1). That provision "mandates that upon hiring of a new employee, all employers must provide the new employee a notice containing information on, *inter alia*, the rate of pay; whether payment is by the hour, shift, day, week, salary, or some other method; any allowances claimed; and the employer's contact information." *Vazquez*, 482 F. Supp. 3d at 186. *See* N.Y. Lab. Law § 195(1). It further requires the employer to obtain a signed and dated written acknowledgement of receipt of the notice from the employee, presented in English and the primary language of the employee. *See id.* Plaintiffs contend that Defendants failed to provide Nuno with such written notice. *See* Am. Compl. ¶¶ 27, 59. Plaintiffs have thus established a violation of Section 195(1) of the NYLL with respect to Nuno.

Plaintiffs have also alleged violations of Section 195(3) of the NYLL, which requires employers to "furnish each employee with a statement with every payment of wages" that includes: (1) the dates of work covered by that payment of wages; (2) the name of the employee; (3) the name and contact information of the employer; and (4) rates of pay, including any deductions or allowances. *Vazquez*, 482 F. Supp. 3d at 186. *See* N.Y. Lab. Law § 195(3). Here, Plaintiffs have alleged that Defendants failed to provide them with any statements of their wages earned. *See* Am. Compl. ¶ 28; Nuno Decl. ¶ 20; Marquez Decl. ¶ 19. They have thus established violations of Section 195(3).

Finally, Plaintiffs allege that they were paid on a bi-monthly basis, *see* Nuno Decl. ¶ 17; Marquez Decl. ¶ 17, in violation of the weekly payment requirement for manual workers under NYLL § 191. *See* N.Y. Lab. Law § 191(1)(a) (manual workers must be "paid weekly and not later than seven calendar days after the end of the week in which wages are earned"). Plaintiffs allege that the majority of their work consisted of manual tasks including cleaning, lifting kitchen items, and preparing foods. *See* Nuno Decl. ¶ 16; Marquez Decl. ¶ 16. *See also Urtubia v. B.A. Victory Corp.*, 857 F. Supp. 2d 476, 482 (S.D.N.Y. 2012) (citations omitted) ("Cooks and wait staff are classified as manual workers" under the NYLL). Plaintiffs have therefore established Defendants' liability for violations of Section § 191.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment against Defendant DT Hospitality is granted. The case remains stayed as to Defendant Truong. *See* Dkt. 49. By separate order, the Court will refer this matter to Magistrate Judge Parker for an inquest into damages and attorneys' fees. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 37. The Clerk of Court is further directed to mail a copy of this order to Defendant Truong at his updated address: 214 Duffield Street, Apt. 33D, Brooklyn, New York 11201. *See* Dkt. 48.

SO ORDERED.
Dated:   March 26, 2021
         New York, New York

                                                   Ronnie Abrams
                                                   United States District Judge